## Rosenbaum, etc., v. Hardie

*Joseph De Vito,* for plaintiff; *P. P.,* for defendant.

ALESSANDRONI, J., February 20, 1932.—The bill in equity sets forth that plaintiff is producing a theatrical entertainment under the name of "Zoom," and that Russell Hardie is the featured performer thereof and that his serv-

646

ices are unique and irreplaceable. It is averred that under the contract Hardie must travel in accordance with the management's wishes. Defendant has notified the plaintiff that he intends to fly from Philadelphia to Boston on Sunday, February 21, 1932, instead of traveling by train as the plaintiff wishes, and the plaintiff considers flying a hazardous and uncertain means of travel which would result in irreparable injury should an accident occur. The bill prays that the defendant be enjoined from traveling by air from Philadelphia to Boston.

The testimony produced at the hearing fully supports the averments contained in the bill and it is unnecessary to again recite the facts. The defendant admitted on the stand that he intends to fly to Boston on Sunday, February 21st, unless restrained by the court, although the plaintiff has demanded that he travel to Boston by train.

It is clear that in the event anything happens to the defendant the plaintiff will suffer irreparable injury as his services are unique and irreplaceable. Under the established law he must comply with the provisions of the contract, and in view of the character of his services cannot perform any act which would jeopardize or prevent the performance of his contract: Philadelphia Ball Club v. Lajoie, 202 Pa. 210; 23 C. J. 227, Sec. 356.

A preliminary injunction should issue.

### Decree

And now, to wit, February 20, 1932, it is ordered, adjudged and decreed that the defendant, Russell Hardie, be and is hereby restrained preliminarily and until final hearing from traveling by air from Philadelphia to Boston, or to or between any intermediate points on February 21, 1932, and during the term of his contract with the plaintiff.